IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| In re: ) | | |
| JOHN PAUL CIMINO, ) | Case No.: 21-80056-CRJ7 | |
| SSN: XXX-XX-1225 ) | | |
| ) | | |
| ) | Chapter 7 | |
| TAZEWELL T. SHEPARD, III, ) | | |
| Chapter 7 Trustee, ) | | |
| ) | | |
| Plaintiff, ) | Adversary Pro. No.: 22-80160-CRJ | |
| ) | | |
| v. ) | | |
| ) | | |
| JOHN PAUL CIMINO, CIMINO ) | | |
| FAMILY TRUST, and SHERRY ) | | |
| THURMAN CIMINO as Trustee of ) | | |
| Cimino Family Trust, ) | | |
| ) | | |
| Defendants. ) | | |

## MOTION TO DISMISS

COMES NOW, John Paul Cimino ("Debtor"), by and through undersigned counsel, and files this Motion to Dismiss the Adversary Complaint of Tazewell T. Shepard, Chapter 7 Trustee ("Trustee") and says:

1. On January 11, 2021, the Debtor commenced a voluntary case under Chapter 7 of Title 11, of the United States Code in this district and division.

2. As required by applicable law, the Debtor disclosed in his Statement of Financial Affairs, which he filed along with his bankruptcy petition on January 11, 2021, the existence of the Cimino Family Trust and the transfer of certain real properties to the trust. [Doc 1]. These real properties consisted of 4 separate houses each of which was encumbered by debt that were transferred to the trust over five (5) years prior to the Debtor's bankruptcy filing.

1

3. On or about September 20, 2021 the special counsel for the Trustee took the 2004 examination of the Debtor during which these transfers were discussed.

4. The Debtor received a general discharge from this Court on October 22, 2021 [Doc.59] after the Trustee obtained two prior extensions of the discharge deadline in order to allow him to investigate these transfers. [Docs. 50 and 52].

5. Plaintiff filed his Adversary Complaint on March 14, 2022 (the "Complaint") asserting a claim to avoid the transfer of the real properties to the trust as fraudulent transfers under §§8-9A-1 and 8-9A-5, Alabama Code.

6. Defendant John Cimino bases this motion to dismiss upon the 11th Circuit case of *SuVicMon Dev., Inc. v. Morrison*, 991 F.3d 1213, 1226 (11th Cir. 2021). In that case, the 11th Circuit affirmed the bankruptcy court's order denying a creditor the ability to proceed against a debtor in a fraudulent conveyance action on the grounds that the debtor had received a discharge and the debtor's presence as a defendant in the plaintiffs' state-court lawsuit fraudulent conveyance action was not a prerequisite for the plaintiffs to recover against the remaining defendants.

7. This case is very similar to the facts of *SuVicMon Dev., Inc.*. There is no insurance which covers the claims that the Trustee is asserting against the Debtor and the trust for recovery of the properties. Therefore, §524(e) does not apply to the facts of this case. As such, the financial burden of defending this lawsuit falls squarely on the Debtor. Also, the Debtor has received a discharge under §524(a), hence any liability based on the fraudulent transfer has likewise been discharged. *SuVicMon Dev., Inc. v. Morrison*, 991 F.3d at 1221(while the securities-fraud judgment was held to be excepted from discharge, the plaintiffs' fraudulent transfer claims are not thereby excepted from discharge). But most importantly,

the Debtor's presence in this case is not necessary in order for the Trustee to pursue recovery from the trust. Id. Thus, this case is significantly infringing upon the Debtor's fresh start by requiring him to participate in this case at his own expense.

8. "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory'." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir.2008). In this case, there is no cognizable theory of legal recovery against the Debtor in light of the 11th Circuit case of *SuVicMon Dev., Inc..* For this reason, the Trustee's complaint against the Debtor is due to be dismissed.

WHEREFORE PREMISES CONSIDERED, the Debtor John Paul Cimino respectfully requests this Honorable Court to dismiss the Trustee's Complaint for failing to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12(b)(6), and grant Debtor such further and additional relief to which he is justly entitled.

Respectfully submitted on this the 14th day of April, 2022.

*/s/ Kevin D. Heard*
Kevin D. Heard
*Attorney for Debtor/Defendant*

Of Counsel:
HEARD, ARY & DAURO, LLC
303 Williams Avenue SW
Park Plaza, Suite 921
Huntsville, Alabama 35801
Tel: (256) 535-0817
Fax: (256) 535-0818
kheard@heardlaw.com

3

Case 22-80160-CRJ    Doc 11    Filed 04/14/22    Entered 04/14/22 19:09:21    Desc Main
Document    Page 3 of 4

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2022, I served a copy of the foregoing **Motion to Dismiss** on the parties listed below via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**

Richard M Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

Jayna Partain Lamar on behalf of Sherri Cimino/Cimino Family Trust
jlamar@maynardcooper.com, prudloff@maynardcooper.com;jturnipseed@maynardcooper.com

Christian Antonio Pereyda on behalf of Sherri Cimino/Cimino Family Trust
cpereyda@maynardcooper.com, cpereyda@maynardcooper.com

Stuart M Maples on behalf of Plaintiff Tazewell T. Shepard, III
smaples@mapleslawfirmpc.com,kmanning@mapleslawfirmpc.com;kpickett@mapleslawfirmpc.com;dmaples@mapleslawfirmpc.com;maples.stuartr106757@notify.bestcase.com

Tazewell Shepard
tshepard@ecf.axosfs.com, janelle@ssmattorneys.com

                                            */s/ Kevin D. Heard*
                                            Kevin D. Heard