IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN PAUL CIMINO, | ) | CASE NO. 21-80056-CRJ7 |
| | ) | |
| | ) | |
| TAZEWELL T. SHEPARD, III, | ) | |
| Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY CASE NO. 22-80160-CRJ |
| v. | ) | |
| | ) | |
| JOHN PAUL CIMINO, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW Trustee Tazewell T. Shepard, III (the "Trustee," "Plaintiff"), and responds to the Motions to Dismiss filed by Defendants Cimino Family Trust (the "Trust") and Sherri Thurman Cimino as Trustee of Cimino Family Trust ("Sherri Cimino," the " Cimino Trustee") [AP Doc 10] and John Paul Cimino, Debtor/Defendant [AP Doc 11] ("Debtor") (collectively, "Defendants"). In support of this Response, the Trustee states as follows:

**RELEVANT PROCEDURAL BACKGROUND**

1. As stated in the Adversary Complaint, the Debtor identified in his bankruptcy filing and his 2004 Examination, four transfers of his interests in certain real properties to the Cimino Family Trust. [AP Doc 1]

2. Upon information and belief, the Debtor transferred personal assets to the Cimino Family Trust, including but not limited to 1410 Owens Drive, Huntsville, Alabama 35801; 1213 Locust Avenue, Huntsville, Alabama 35801; 423 Newman Avenue, Huntsville, Alabama 35801; and 418 Locust Avenue, Huntsville, Alabama 35801 (the "Properties").

3. Said transfers are examples of fraudulent conveyances, or voidable transfers, under Alabama law, made without consideration, and done without the consent or knowledge of Plaintiff.

4. On March 14, 2022, the Trustee filed the Adversary Complaint against the Defendants, alleging claims of fraudulent conveyance under Ala. Code § 8-9A-1 *et seq.* (1975) and, specifically, transfers fraudulent as to present creditors under Ala. Code § 8-9A-5 (1975). Plaintiff intended to bring this action pursuant to 11 U.S.C. § 544(a). Plaintiff discovered its clerical error since the filing of the original complaint and filed a motion for leave to amend the complaint to correct this error and also to dismiss all causes of action against defendant John Paul Cimino ("Debtor") without prejudice. [AP Doc 16]

1. Defendants Sherri Cimino and the Trust moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., on April 14, 2022. [AP Doc 10]

2. Plaintiff responds herein under 11 U.S.C. § 544 as Defendants included arguments in their motion for dismissal based, for the sake of argument, on § 544. [AP Doc 10] Plaintiff does not include arguments based on 11 U.S.C. § 548 as that citation was in error in the complaint.

3. Plaintiff has moved to dismiss the Debtor and will not include arguments in response to Debtor's motion to dismiss [Doc 11].

## **STANDARD OF REVIEW**

One of the goals of the Federal Rules of Civil Procedure is to relax the common law tradition requiring exactitude and precision in pleading in compliance with procedural form. Generally, a complaint filed under the federal rules is sufficient if the claim for relief contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts should give all "well-pleaded factual allegations" an assumption of veracity and determine whether together they "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009). A complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only when it does not contain sufficient factual allegations to establish a plausible claim for relief. *See U.S. Bank Nat. Ass'n v. Gatsby Drive Apartments, L.L.C.*, 2012 WL 870338, at *2 (M.D. Ala. Mar. 14, 2012).

As the Supreme Court held in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain, not "detailed factual allegations," *id.* at 555, but rather sufficient factual matter, accepted by the court as true, to "state a claim to relief that is plausible on its face." *Id. at* 570. A claim has facial "plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id. at* 556. The *Twombly* Court repeatedly emphasized that alleging plausible grounds for a claim "simply calls for enough facts to raise a reasonable expectation that *discovery* will reveal evidence" to prove the alleged claim. *Id. at* 556 (emphasis added).

Moreover, fraudulent transfers as pled in this action are unrelated to "fraud," and fraud is not an element of this claim under the UFTA.[1] In the past, courts have erred in interpreting the pleading standard that require a heightened pleading requirement. Even though fraudulent transfers are unrelated to "fraud" as intentional misrepresentation, and fraud is not an element of a claim under the UFTA, courts would dismiss otherwise valid fraudulent transfer claims for failure to meet the heightened pleading standard for "fraud." "What's in a Name (Besides Centuries of Confusion)?" The Alabama Lawyer: Technology Issue, July 2019 (authors: N. Chris Glencoe and Cathleen C. Moore). In the instant case, there is no heightened pleading requirement.

---

[1] For a history of the Alabama Uniform Voidable Transactions Act and its predecessor, the Alabama Uniform Fraudulent Transfer Act, see "What's in a Name (Besides Centuries of Confusion)?" The Alabama Lawyer: Technology Issue, July 2019 (authors: N. Chris Glencoe and Cathleen C. Moore) (Name change was designed to correct courts' mistaken requirement of heightened pleading requirements even though fraud is not an element of a claim under the UFTA.)

3

# ARGUMENT

## I. The claims in the Adversary Complaint are grounded in provisions found in the Bankruptcy Code and applicable state law.

Section 544(b)(1) of the Bankruptcy Code gives the Trustee the authority to avoid any transfer of property of the debtor that is "voidable under applicable law…." Alabama law provides just such an avenue for the Trustee to claim for the Estate the Debtor's share of the Properties he transferred to the Trust. Ala. Code § 8-9A-8(b)(1) (1975) is applicable in the instant case in determining the availability of recovery against the Trust:

> (b) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under § 8-9A-7(a)(1), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (c), or the amount necessary to satisfy the creditor's claim, whichever is less, or judgment for conveyance of the asset transferred. The judgment may be entered against:
>
> > (1) The first transferee of the asset or the person for whose benefit the transfer was made….

A fraudulent transfer can also be found on the basis of constructive fraud, typically when the debtor makes the transfer without receiving "reasonably equivalent value," under certain circumstances specified in the statute. Ala. Code §§ 8-9A-4(c), 8-(A-5 (1975). The remedy for fraudulent transfer may be avoidance of the transfer or execution directly on the transferred asset. *See* Ala. Code § 8-9A-7(a)(1), (b).

## II. The AP claims plausibly give rise to an entitlement to relief.

The Trustee has alleged *Twombly's* requisite sufficient factual matter, namely the transfer by the Debtor of specific Properties to a Trust, accepted by the Court as true since the Debtor included this information in his initial Statement of Financial Affairs and testified as to this in his 2004 Examination, with both events referenced in the Trustee's Adversary Complaint. 550 U.S. at 570. These Properties are not yet a part of the Bankruptcy Estate but are due to be reclaimed by the Trustee under the state fraudulent conveyance statutes, also pled, for the benefit of the Creditors. The Trustee has "state[d] a claim to relief that is plausible on its face." *Id.*

When there is an issue as to whether a conveyance has been made voluntarily and made with intent to hinder, delay and defraud creditors, the burden does not fall upon the complainant to prove the deficiency in the complaint. Rather, the burden is upon the respondents to aver and prove that there was a valuable consideration for the conveyance, in what it consisted and how it was paid. *Roddam v. Martin*, 235 So. 2d 654, 656 (Ala. 1970) (citations omitted).

## III. Contrary to Defendants' contentions, the Trustee's claims based on fraudulent transfers are not subject to a heightened pleading standard.

Defendants appear to stumble over the term "fraud" in "fraudulent intent," confusing the fraudulent intent statute with garden variety fraud and demanding a "heightened pleading standard" [AP Doc 10]. However, fraudulent transfers as pled in this action are unrelated to "fraud," and fraud is not an element of this claim under the UFTA. As noted by the Drafting Committee of the Uniform Law Commission when considering changes to the UFTA, these theories of recovery under the UFTA "have nothing whatever to do with fraud (or with intent of any sort) . . . [yet] came to be widely known by the oxymoronic shorthand 'constructive fraud.'" *See* Uniform Voidable Transactions Act, 11 U.S.C. § 15, Official Comment (2014).

5

Likewise, even under the theory of recovery relating to a transfer of property made by a debtor with "actual intent to hinder, delay, or defraud" a creditor of the debtor, the "fraud" tag can distort results. This section applies even if the debtor intends to merely "hinder" or "delay" a creditor, even absent intent to "defraud," but, as noted by the drafters of the UVTA, this provision "came to be widely known by the shorthand tag 'actual fraud' . . . [and that] shorthand is misleading, because that provision does not in fact require proof of fraudulent intent." Uniform Voidable Transactions Act,11 U.S.C. § 15, Official Comment (2014). Thus, in spite of the misleading intimation in the Act's title, fraud is not, and never has been, a necessary element of a claim for relief under the Alabama Uniform Fraudulent Transfer Act. *Id.*

**IV. The Debtor cannot choose to benefit his children over his creditors under the law.**

The beneficiaries of the Trust, presumably the Debtor's children, still meet the definition of insiders under the statute; they stood to benefit from the transfer. However, benevolent parental motives are irrelevant in this situation. There is no provision in fraudulent conversion laws that carves out a "familial gifts" exception. Divorce has no financial value to creditors. Allowing a voidable transfer to stand and deplete the Bankruptcy Estate catapults creditors into oblivion.

At this point in the case, Plaintiff is awaiting an answer to the amended complaint, followed by discovery to flesh out Plaintiff's assertions. If, during the discovery phase, Defendants maintain that the Trust was not a ruse to evade the Debtor's creditors or if they contend that adequate consideration was given or that the Debtor was still solvent at the time of the transfers of the Properties and that some subsequent event caused his financial downfall, these efforts are part of their procedural options and defense. Moreover, Mrs. Cimino may have an interest in a portion of the Properties. This too will be clarified during discovery.

6

Case 22-80160-CRJ    Doc 19    Filed 05/12/22    Entered 05/12/22 17:25:08    Desc Main
Document    Page 6 of 8

## CONCLUSION

The Trustee's goal is to recover all of the Debtor's interest in the Properties for the Estate. It is evident that, at this juncture, the case is simply not ripe for dismissal, as the complaint exceeds the standards for adequacy and plausibility. The Court views the Trustee's complaint in the light most favorable to the Trustee, accepting all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003) (citations omitted). The underlying policy of the bankruptcy discharge framework is to give debtors a fresh start in economic life. However, the fresh-start policy embodied in the Code does not include the court's facilitating a fraudulent conveyance. The Debtor's desire to provide for his children through transferring the Properties into the Trust does not supersede the rights of creditors to get paid under the law.

WHEREFORE, premises considered, Plaintiff asks the Court to deny the Motion to Dismiss filed by Defendants Cimino Family Trust (the "Trust") and Sherri Thurman Cimino as Trustee of Cimino Family Trust ("Sherri Cimino," the "Cimino Trustee") and order them to respond to Plaintiff's Amended Complaint.

Respectfully submitted on May 12, 2022.

*/s/ Stuart M. Maples*
STUART M. MAPLES
(ASB-1974-S69S)
COUNSEL FOR TRUSTEE

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

7

Case 22-80160-CRJ    Doc 19    Filed 05/12/22    Entered 05/12/22 17:25:08    Desc Main
Document    Page 7 of 8

# CERTIFICATE OF SERVICE

I do hereby certify that on May 12, 2022, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Jayna P. Lamar
Christian A. Pereyda
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. N, Suite 1700
Birmingham, AL 35203
Jlamar@maynardcooper.com
CPereyda@maynardcooper.com
*Counsel for Defendants Sherri Thurman Cimino,*
*as Trustee of the Cimino Family Trust,*
*and the Cimino Family Trust*


Kevin D. Heard
Angela S. Ary
HEARD, ARY & DAURO, LLC
303 Williams Avenue, Suite 921
Huntsville, AL 35801
kheard@heardlaw.com
*Counsel for Debtor/Defendant John Paul Cimino*

>                                             /s/ *Stuart M. Maples*
>                                             STUART M. MAPLES