# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **In re: John Paul Cimino,**<br><br>Debtor. | Bankruptcy Case No.<br><br>21-80056-CRJ7 |
| **Tazewell T. Shepard, III, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**John Paul Cimino, et al.**<br><br>Defendants. | Adversary Proceeding No.<br><br>22-80160-CRJ |

## JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT

**Sherri Thurman Cimino, as Trustee of the Cimino Family Trust** ("Ms. Cimino"), the **Cimino Family Trust** ("Family Trust" and, together with Ms. Cimino, "Defendants"), and **Tazewell T. Shepard, III, Chapter 7 Trustee**[1] ("Trustee" or "Plaintiff" and, together with the Defendants, "Movants"), by and through undersigned counsel, jointly move (this "Motion") this honorable Court to enter an order under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019") approving this Joint Motion to Approve Compromise and Settlement or a prompt final hearing on said motion. In support, the Movants state as follows:

---

[1] On September 26, 2022, the Court entered an order appointing Robert A. Morgan as successor chapter 7 trustee to Mr. Shepard. (BK Doc. 65). This order was entered after the Movants entered into their Settlement Agreement (defined below); accordingly, all references to Plaintiff or Trustee shall also be deemed to be references to Mr. Morgan for all matters following his appointment as Trustee.

06566176.2

## JURISDICTION

1.  This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, along with other related statutes and rules.

2.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

3.  On January 11, 2021, John P. Cimino ("Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), thereby commencing the above-styled bankruptcy case (the "Bankruptcy Case"). (BK Doc. 1).[2]

4.  On March 14, 2022, the Trustee commenced the instant adversary proceeding styled *Tazewell T. Shepard, III v. John P. Cimino, et al.*, AP No. 22-80160 (the "AP"), in which the Trustee filed claims against the Debtor and Family Trust Defendants for allegedly fraudulent transfers under the Alabama Uniform Fraudulent Transfer Act ("UFTA") and Bankruptcy Code § 544.

5.  On April 14, 2022, the Family Trust Defendants filed *Family Trust Defendants' Motion to Dismiss* (AP Doc. 10) ("Motion to Dismiss"), and the Debtor also filed a Motion to Dismiss (AP Doc. 11) ("Debtor's Motion to Dismiss" and, severally and collectively with the Motion to Dismiss, the "Motions to Dismiss").

6.  On May 11, 2022, the Trustee filed a *Motion for Leave to File First Amended Complaint and to Dismiss Defendant John Paul Cimino* (AP Doc. 16) ("Motion for Leave") seeking authority to file his *First Amended Adversary Complaint, Including Dismissal of Party* (AP Doc. 16, 6–11) ("First Amended Complaint"), contemporaneously with his *Trustee's Response to Defendants' Motion to Dismiss* (AP Doc. 19) ("Response").

---

[2] References to the docket of the Bankruptcy Case are designated as "(BK Doc. __)". References to the docket of the related AP are designated as "(AP Doc. __)".

7. The Trustee's Motion for Leave sought authority to dismiss the Debtor as a defendant, in recognition of binding Eleventh Circuit authority, and to proceed in this AP under the First Amended Complaint. (*See* AP Doc. 16).

8. On May 13, 2022, the Family Trust Defendants filed their *Family Trust Defendants' Response in Opposition to Trustee's Motion for Leave to File First Amended Complaint and to Dismiss John Paul Cimino* (AP Doc. 17) ("Objection to Leave"), contemporaneously with their *Reply in Support of Motion to Dismiss* (AP Doc. 21) (the "Reply").

9. On May 16, 2022, the Court held a hearing on the Motions to Dismiss and the Motion for Leave.

10. At the May 16, 2022, hearing, the Court confirmed that the Trustee had failed to state a claim under his Original Complaint and First Amended Complaint, and thereafter entered orders dismissing the Debtor as a party to this AP (AP Doc. 25) and granting the Trustee leave to further amend his Complaint and setting briefing and other deadlines relating to the Family Trust Defendants' Motion to Dismiss. (AP Doc. 26).

11. On July 12, 2022, the Trustee timely filed his Further Amended Complaint and *Argument in Support of First Amended Adversary Complaint* (AP Doc. 41) ("Argument"), pursuant to the Court's scheduling orders. (AP Docs. 40–41).

12. On August 3, 2022, the Court held a hearing on the Family Trust Defendants' Motion to Dismiss and the Further Amended Complaint.

13. On August 11, 2022, the Court entered an order (i) dismissing the Trustee's claims for actual fraud against the Family Trust Defendants, and (ii) establishing certain deadlines and a hearing date on the issue of insolvency on the Trustee's remaining constructive fraud claims. (AP Doc. 43).

14. In order to avoid the cost of further litigation, and other good and valuable consideration, the Movants have continuously negotiated in good faith since the inception of the AP and have now reached an agreement and compromise regarding their respective positions in the AP.

15. As a result of the aforementioned agreement, the Debtor and Defendant respectfully ask this Court for approval of their agreement which constitutes, inter alia, a full and final compromise and settlement of the claims in the AP. As part of the settlement, the Family Trust Defendants have offered to make a payment in the amount of Forty-Five Thousand U.S. Dollars ($45,000), in exchange for a full and final settlement and release of all claims asserted, or which could have been asserted, by the Trustee.

16. The aforementioned settlement terms, subject to this Court's approval, are memorialized in a Confidential Settlement and Mutual Release Agreement executed on or about September 20, 2022, which will be provided to the Court via email pursuant to the Court's instruction.

## STANDARD

Rule 9019 authorizes a bankruptcy court to approve compromise and settlements. Approval or rejection of a compromise is left to the sound discretion of the bankruptcy court and is to be determined by the particular circumstances of the case. The term "sound discretion" denotes the absence of a hard and fast rule. When invoked as a guide to judicial actions, it customarily means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. *Langes v. Green*, 282 U.S. 531, 541 (1931).

## ARGUMENT

**The Court should approve the Movants' proposed settlement.**

In *Justice Oaks*, the Eleventh Circuit set out the following criteria for determining whether to approve a proposed settlement: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved; (d)

the expense, inconvenience, and delay necessarily attending the litigation, including the possibility that denial of the settlement will cause assets of the Estate to be depleted; and (e) the paramount interest of the creditors and a proper deference to their reasonable views. *Wallis v. Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied sub nom, 498 U.S. 959 (1990). *See also Protective Comm. For Indep. Stockholders v. Anderson*, 390 U.S. 424 (1968); *Martin v. Kane*, 784 F.2d 1377, 1381 (9th Cir.), cert. denied, 479 U.S. 854 (1986) (quoting *In re Flight Transp. Corp. Sec. Litig.*, 730 F.1d 1128, 1135 (8th Cir. 1984), *cert. denied,* 469 U.S. 1207 (1985)). So long as the settlement does not fall below the lowest point in a range of reasonableness, the Court should approve the settlement and defer to the Trustee's reasonable business judgment. *Anaconda-Ericsson v. Hessen*, 762 F.2d 185, 187-189 (2nd Cir. 1985) (quoting *Cosoff v. Rodman*, 699 F.2d 599, 608 (2nd Cir. 1983)).

The Movants believe this proposed compromise is reasonable and in the Estate's best interest. The Movants submit that the proposed settlement meets all of the requirements of the law of the above cited cases:

> **A.** **The uncertainty of success for the Trustee weighs in favor of approving the Movants' proposed settlement.**

The outcome of the AP cannot be predicted with certainty. Therefore, the Trustee faces the possibility that, after incurring substantial expenses, including but not limited to attorneys' fees and expenses, the Family Trust Defendants will not be found liable for the Trustee's Claims.

The uncertainty of the outcome of this litigation weighs in favor of approval.

> **B.** **The difficulties that the Trustee would face in collecting any judgment he might obtain in the AP is a neutral factor.**

This factor is not at issue in this matter.

### C. The complexity of the litigation weighs in favor of approving the Movants proposed settlement.

Substantial time, effort, and expense, including but not limited to attorneys' fees and expenses, will be expended to adjudicate the issues of insolvency and reasonably equivalent value. Adjudicating insolvency will require substantial discovery and review of discovered materials, in addition to obtaining expert testimony to evaluate the Debtor's financial position at relevant times. Likewise, adjudicating reasonably equivalent value will also require substantial discovery and review of discovered materials, in addition to obtaining expert testimony on complex matters of family law. In addition to the fact-intensive nature of the discovery and the assistance of expert testimony that would be required to adjudicate these issues, the intersection of family law and the UFTA present complicated legal issues that would require substantial research and briefing.

To avoid the substantial delay and expense that would be necessary in the absence of settlement, this factor weighs in favor of approval.

### D. The expense, inconvenience, and delay necessarily attending this litigation weighs in favor of approving the proposed settlement.

As discussed above, adjudicating the outstanding claims in the AP would be a fact-intensive endeavor and require complex legal analysis and argument. Settlement is therefore in the best interests of all parties in interest to avoid the expense, inconvenience, and delay that would necessarily attend this process.

### E. Creditors will be best served by the proposed settlement, which will minimize the administrative expense that would otherwise reduce their recoveries.

In the absence of the proposed settlement, the Trustee would be required to incur substantial administrative expense to adjudicate his remaining claims without any guarantee of recovery. Because the proposed settlement will ensure that the creditors of the Debtor's estate receive at least some distribution, as opposed to having their interests in the estate depleted by administrative

expenses incurred pursuing a claim that may not result in a sufficient recovery to yield a greater recovery than that they would receive under the proposed settlement, if any at all, this factor supports approval.

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that this honorable Court enter an order granting this Motion, approving the Movants' settlement, and dismissing the AP, with prejudice.

Respectfully submitted October 19, 2022.

| | |
|---|---|
| /s/ *Christian A. Pereyda* | /s/ *Stuart M. Maples* |
| Jayna P. Lamar | Stuart M. Maples |
| Christian A. Pereyda | **MAPLES LAW FIRM, P.C.** |
| **MAYNARD, COOPER & GALE, P.C.** | 200 Clinton Avenue West |
| 1901 Sixth Ave. N, Suite 1700 | Suite 1000 |
| Birmingham, AL 35203 | Huntsville, Alabama 35801 |
| Telephone: (205) 254-1000 | smaples@mapleslawfirmpc.com |
| Facsimile: (205) 254-1999 | *Attorney for Chapter 7 Trustee* |
| Jlamar@maynardcooper.com | |
| CPereyda@maynardcooper.com | |
| *Attorneys for Defendants* | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties requesting electronic notice and to the following:

| | |
|---|---|
| Stuart M. Maples | Kevin D. Heard |
| MAPLES LAW FIRM, PC | HEARD, ARY & DAURO, LLC |
| 200 Clinton Avenue West | 303 Williams Avenue Southwest |
| Suite 1000 | Park Plaza Suite 921 |
| Huntsville, Alabama 35801 | Huntsville, Alabama 35801 |
| smaples@mapleslawfirmpc.com | kheard@heardlaw.com |
| *Attorney for Chapter 7 Trustee* | *Attorney for Debtor* |

Robert A. Morgan
1130 University Blvd, Ste B9, Box 632
Tuscaloosa, AL 35401
*Chapter 7 Trustee*

/s/ *Christian A. Pereyda*
Of Counsel